UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AUDIS TRUXILLO

VERSUS

EAST BATON ROUGE
SHERIFF'S OFFICE , ET AL

CIVIL ACTION

NO. 10-348-BAJ-SCR

## RULING AND ORDER

This matter is before the court on a motion by defendants to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m), and LSA–R.S. §13:5107 for failure to timely serve the petition for damages (doc. 2). The motion has not been opposed. Jurisdiction is based on 28 U.S.C. §1331.

## BACKGROUND

Plaintiff initiated this action on March 7, 2008, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Plaintiff alleges that, on March 7, 2007, a medic found him unresponsive in his cell.[1] According to plaintiff, he and the medic then became involved in an altercation and deputies intervened, handcuffing plaintiff and repeatedly striking and tazing him. (Complaint, ¶2.; doc. 5, p. 1).

---

[1] The complaint does not specify the facility or his status in the facility at the time of the events alleged.

The complaint alleges that the East Baton Rouge Parish Sheriff's Office personnel involved in the incident were acting under color of law and violated plaintiff's federal and state constitutional rights by use of excessive force. The complaint also alleges, *inter alia*, that the East Baton Rouge Sheriff's Office failed to adopt sufficient policies to deter such action, negligently hired and retained police officers who violated civil rights, failed to adequately train, and ignored patterns of abuse. The complaint lists as defendants: (1) East Baton Rouge Parish Sheriff's Office; (2) Sid Gautreaux in his capacity as current Sheriff of the East Baton Rouge Parish Sheriff's Office; (3) Greg Phares, personally and in his capacity as former Sheriff of the East Baton Rouge Parish Sheriff's Office; (4) Deputy Kris Schilling; (5) Deputy Derrick Schilling; (6) Corporal Turner; and Sergeant James Sandridge. The petition also requests that service be withheld. (Complaint, ¶¶1, 3-5).

Though the original petition was filed on March 7, 2008, defendants assert that they were not served until April 20, 2010, over two years later, and the petition filed into the record is certified by the deputy clerk of court as a true copy on April 19, 2010 (*see* doc. 1-3). The action was removed on May 19, 2010, and defendants filed the present motion to dismiss on May 21, 2010.

## LAW AND ARGUMENT

LSA–R.S. 13:5107D provides, in pertinent part:

2

> (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
>
> (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.

LSA–R.S. 13:5107D1&2.

Louisiana's Code of Civil Procedure provides, in pertinent part,

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

LSA–C.C.P. art. 1672(C).

Plaintiff has had ample time to respond to defendant's motion to dismiss, but has filed no opposition. The court also notes that the parties filed a joint status report on August 12, 2010. The status report, signed by plaintiff's counsel, specifically notes that the motion to dismiss was filed on May 21, 2010 and

3

acknowledges that it is pending before this Court (doc. 5, ¶ C). The report makes multiple references to the motion and also summarizes the grounds upon which it was filed. (*Id.* at ¶¶ C, D, F, J(1)). Accordingly, the court concludes that plaintiff was not only provided with notice when the motion was filed,[2] but that evidence in the record demonstrates that he had actual notice of the motion.

For all of the above reasons, the court finds that plaintiff failed to timely serve the defendants in this action, all of whom are in the class of governmental defendants entitled to service within 90 days of filing pursuant to LSA–R.S. §13:5107D. Defendants have filed a contradictory motion to dismiss, and they assert that they have not waived their right to service. Plaintiff's counsel, having been provided notice of the motion, has failed to respond to the motion in any way. Accordingly, the court finds that the requirements for dismissal under LSA–R.S. §13:5107 are satisfied in the present action.

When the requirements for dismissal under LSA–R.S. §13:5107 are met, dismissal of the action is mandatory. See *Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections*, 528 F.3d 375, 381 (5th Cir. 2008) (noting that "Louisiana courts have held that § 13:5107D is mandatory) (and citing, *Chinn v. Mitchell*, 734 So.2d 1263, 1266 (La.App. 1 Cir. 1999), *writ not considered*, 747 So,2d (La.1999)

---

[2]The record demonstrates that notice was provided via email to plaintiff's counsel at 1:42 p.m. CDT on May 21, 2010 (doc. 2, receipt of notice).

4

(stating that "[t]he statute is mandatory"). Thus, this action shall be dismissed pursuant to LSA–R.S. §13:5107.

Moreover, the court notes that even if the present case were analyzed under the Federal Rules of Civil Procedure, the result would be the same. Rule 4 provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

As has already been noted, defendants have moved for dismissal under Rule 4(m), and it is undisputed that plaintiff failed to serve defendants with the petition within the 120 day period provided by the rule. Moreover, the record indicates that, despite having been provided with notice and ample opportunity to oppose the motion to dismiss, plaintiff has failed to show just cause for his failure to provide service as required by Rule 4(m). The court further notes that the undisputed evidence establishes not only that service was not made within the specified period, but that it was not made for over two years after the petition was filed. Accordingly, the court concludes that dismissal is also proper under Federal Rule of Civil Procedure 4(m).

## CONCLUSION

For all of the foregoing reasons, the motion by defendants to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) and LSA–R.S. §13:5107 for failure to timely serve the petition for damages (doc. 2) is hereby **GRANTED** and this action is hereby **DISMISSED** without prejudice.

Baton Rouge, Louisiana, August _13_, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA